# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

CRUSO R. WALLACE,
        *Defendant-Appellant.*

No. 03-4087

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

GUISEPPE L. WALLACE, a/k/a Big,
a/k/a Big Joe,
        *Defendant-Appellant.*

No. 03-4217

Appeals from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, District Judge.
(CR-02-101)

Submitted: August 6, 2003

Decided: August 25, 2003

Before TRAXLER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Jonathan D. Bryne, Legal Research and Writing Specialist, Charleston, West Virginia; J. Steven Hunter, STEVEN HUNTER ASSOCIATES, L.C., Lewisburg, West Virginia, for Appellants. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Cruso R. Wallace appeals from his 188-month sentence for conspiracy to distribute crack cocaine, and Guiseppe L. Wallace, Sr. appeals from his conviction for conspiracy to distribute crack cocaine. Finding no reversible error, we affirm both defendants' convictions and sentences.

I.

From December 1999 to January 2002, Guiseppe, Sr. and his sons, Guiseppe L. Wallace, Jr. and Cruso, sold cocaine base in and around Guiseppe's, Sr.'s residence. Guiseppe, Jr. and Cruso pled guilty to conspiracy to distribute cocaine base. Guiseppe, Sr. went to trial, where Guiseppe, Jr. testified that each of the Wallaces assisted the others in providing cocaine base to customers and that Guiseppe, Sr. and Cruso each sold about a gram of cocaine base a day. The jury also heard recorded conversations of negotiations with the confidential informant and saw videotapes of drug transactions. In addition, the confidential informant testified that the Wallaces worked together to sell cocaine base.

Guiseppe, Sr. was convicted of conspiracy to distribute cocaine base, two counts of distribution of cocaine base, and three counts of aiding and abetting the distribution of cocaine base. He was sentenced to 235 months imprisonment.

At Cruso's sentencing hearing, he moved the court to reduce his sentence based on his poor health, his minor role in the offense, and the disparity in his potential sentence and that of Guiseppe, Jr. The court denied Cruso's motions, finding that his health was not extraordinary enough to warrant departure, that he did not have a minor role in the offense, and that sentencing disparity is not a proper ground for departure. Cruso was sentenced to 188 months imprisonment.

## II.

Guiseppe, Sr. contends that there was insufficient evidence to support his conspiracy conviction. He asserts that there was never an agreement between him and his sons and that they each operated their own separate business.

The standard of review is whether, viewing the evidence in the light most favorable to the prosecution, there is sufficient evidence to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). To prove the conspiracy, the Government must establish that (1) an agreement to violate the federal drug laws existed between two or more persons, (2) the defendant knew of the conspiracy, and (3) the defendant knowingly and voluntarily became a member of the conspiracy. *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Conspiracies are often proven wholly by circumstantial evidence, including the "defendant's relationship with other members of the conspiracy, the length of this association, [the defendant's] attitude [and] conduct, and the nature of the conspiracy." *Id.* at 858 (internal quotation marks omitted).

The evidence shows that, over a period of several years, Guiseppe, Sr. provided a place where drug deals were arranged and often occurred and that, when he could not fill an order, he would refer the customer to one of his sons. The confidential informant testified that the Wallaces worked together to fill orders and cooperated together to make sure the customers were satisfied. While perhaps not the most

rigidly structured organization, the conspiracy operated with the aim of "sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market." *Id.* Thus, we find that the evidence was sufficient to support the jury's verdict that Guiseppe, Sr. was a member of the charged conspiracy.

### III.

Cruso contends that the district court erred in refusing to depart on the basis of the disparity in sentences between himself and Guiseppe, Jr. However, "[u]nder the law of this circuit, disparate sentences among codefendants is an impermissible ground for departure." *United States v. Perkins*, 108 F.3d 512, 515 (4th Cir. 1997). Thus, the district court's refusal to depart was proper.

### IV.

Cruso next argues that the district court erred in denying his request for a downward adjustment for his minor role in the offense, pursuant to *U.S. Sentencing Guidelines Manual* § 3B1.2 (2002). A two-level reduction may be made when a defendant is a minor participant, that is, one "who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2(b), comment. (n.5). The district court's determination concerning the defendant's role in the offense is a factual issue reviewed for clear error. *Perkins*, 108 F.3d at 518.

Counsel (and Cruso in his supplemental brief) contend that Cruso was hospitalized for portions of the conspiracy period and living with his girlfriend for other portions and, thus, was not as consistently involved in the conspiracy as his brother and father. Nevertheless, in a drug conspiracy, a defendant who sells the drugs is generally not a minor participant. *See United States v. Brooks*, 957 F.2d 1138, 1149 (4th Cir. 1992). Because Cruso admitted that he sold drugs (and, in fact, he stated that he sold more drugs than his father and that he sold drugs almost every day), we find that the district court did not clearly err in denying Cruso's request for a downward adjustment for his role in the offense.

## V.

Cruso has also filed a motion to file a supplemental brief, raising more sentencing issues. After careful consideration, we grant the motion to file a supplemental brief, but we find that the new issues raised therein are meritless.

Based on the foregoing, we affirm Guiseppe, Sr.'s and Cruso's convictions and sentences. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*